OPINION of the Court, by
Judge Owsley
⅞⅛ ¡s an ejectment, brought by Coleman against the defendants in the Bourbon circuit court. Issue was joined on the plea of not guilty ; and on the trial, Cole-1¾1;10¶ ta establish his title, produced in evidence the record of a judgment, obtained by him in the Jefferson circuit court, against George Wilson ; a writ of fieri which issued thereon, directed to the sheriff of Bourbon county ; the sheriff’s return thereon, of his having sold the land to Richard Henderson ; the deed from lbe sheriff of Bourbon to Henderson ; the deed from Henderson to Coleman ; and the patent from the commonwealth to George Wilson. From the record ajso appeared that a ca. sa. had issued on the judgment, directed to the sheriff of Jefferson countv, returnable before the issuing of the fieri facia» to Bour-^011 ’ upon which ca. set. the sheriff returned, that he bad arrested the body of said George Wilson, whereupon he entered into bond with James Patten and W il-liam F. Simrall, securities for keeping within the bounds laid off for the jail of Jefferson county. On the motion of the defendants, the circuit court of Bourbon rejected the record and sheriff’s deed, and instructed the jury that the execution and sheriff’s deed gave n& *519 v!ib*, ou account of irregularity apparent on the face of die record and deed ; a verdict anil judgment was obtained against Coleman, to reverse which he prosecutes this writ oferror.
1 he only inquiry necessary in this cause is, whether the court decided correctly in rejecting the record and deed, and in their instructions to the jury ? It was contended in argument, that it was irregular to issue a fieri jacras to Bourbon countv, after the return made on the ca. sa. by the sheriff of Jefferson county. Whether k was irregular or not, we deem unimportant in the present case. For even admitting the irregularity, the fieri facias was a good authority for the sheriff to sell, until reversed or set aside. And when a sheriff sells to a stranger, under a fieri facias issued on a judgment, which is afterwards reversed, the defendant shall not be restored to the property sold, but to the money for which it sold — 2 Bac. Abr. 740, 8 Co. 96, Cro. Ja. 246. And so as the writ be not void it is a good justification, however irregular, and the purchaser will gain a title under the sheriff — 2 Tid. Prac. 936. The fieri facias under which the land was sold to Henderson, is evidently not void ; at most, it is only voidable ; it gave authority to the sheriff to sell, and Henderson by his purchase gained all Wilson’s title to the land.
We think therefore, that the court erred in rejecting the record and sheriff’s deed, and in their instructions to the jury.
Judgment reversed with costs, and the cause remanded for a new trial, &c.